Mr. Sebeklos Good morning. The issue before the court is whether the Secretary of Veterans Affairs properly interpreted 5103A sub A by requiring that medical journal evidence that had been submitted in support of the claim have a degree of certainty which had been a standard to evaluate the evidence under the earlier well-grounded claim requirement. In Wallen v. West, the Veterans Court discussed medical treatise, medical journal evidence and said that it needs to rise to a certain degree of certainty in order for a claim to be well-grounded. Isn't that just loose, casual language, tracking the no reasonable possibility language? I agree, Your Honor, and I think I erred initially in my original brief by discussing it as if the degree of certainty label test was the test for determining whether service connection was warranted. In other words, it's not an error of law, it's not an error of law, and reasonable possibility is fact, isn't it, application of law to fact. It is, but what the Veterans Court did in a single judge decision was to kind of graft on the reasonable possibility standard, this additional standard, which created a really odd situation. What's the additional standard? That if the claimant has submitted evidence in support in the form of medical journal evidence, that that evidence has to possess a degree of certainty. But we just agreed, I thought, that that sort of language tantamount to no reasonable possibility and whether the evidence met that test is application of law to fact, which is beyond our jurisdiction. Well, I don't think it's... How would you articulate reasonable possibility? It's got to be reasonable now. How would you articulate that? I would say that in this type of claim, which is a survivor's claim, you're still going to be looking to the three elements of service connection. In this case, is there a disability? In other words, the veteran has passed away from something, so you have that element. Second element would be, was there an in-service event, injury, or disease? In this case, that is met by the fact... You're not addressing at this point the credibility of this medical evidence, which has to give a reasonable possibility. I want you to discuss that with me. What standard are you going to use for reasonable possibility? I think the standard is exceptionally low. As the veterans... Reasonable. Reasonable, but basically, is there a suggestion by that medical journal evidence that there is a connection between the in-service exposure, in this case, to two different chemicals, not to one, to both herbicides, Agent Orange, and to DDT? That's fact, isn't it? It's evaluation of fact, of evidence, beyond our jurisdiction. True, but if... True. I mean, true is period. That's the end of the case, isn't it? Well, no. When the Veterans Court takes language from a case that is now... That language is now rendered obsolete by the Veterans Claims Assistance Act. There is no longer a well-grounded claim requirement. When they bring that forward, and they say to the claimant, well, yes, you've submitted medical treatise evidence, but now we're going to evaluate that medical treatise evidence as if this was a well-grounded claim requirement, and we're going to require that that medical treatise evidence be specific, which I don't know how that could... What causes pancreatic cancer? Many things. Yeah. I don't think we know yet, do we, completely? Right. But I don't think we know that... So, there are articles, and we have one here, but I'm sure if we looked at the whole body of medical evidence, we would have, I don't want to say hundreds, but dozens of different speculations as maybe it's this, maybe it's that, maybe it's this in connection with that. Well, Judge Reiter, then, I think the Veterans Court and the Board of Veterans' Appeals were under an obligation to not only look to the speculative medical journal evidence. Here's an article that says pesticide, herbicide exposure may... Let me finish, please. Yeah, please do. May cause pancreatic cancer. I think the BVA and the Veterans Court had an obligation to take that, and now, okay, what are the facts of this specific case? And you have to determine reasonableness by looking at what the medical community is saying in terms of possible causation, and you have to look at that in the context of, okay, this particular veteran, two tours of duty in Vietnam, ground troops, not back with a... And 30 years when he could have been exposed to anything else, but all of this now we're talking about are facts, as you said yourself, and those facts are not committed to this court. They're... In fact, we are denied any opportunity to consider them. I'm not asking you to consider them. I'm asking you to consider whether the Veterans Court can say, okay, the widow submitted this... Do you think they failed to consider all of that? I think they took a standard from a previous era in veterans' benefits law. They moved it forward through a single judge decision, which I don't think... If we read their decision as not creating a new standard, but just articulating, trying to articulate what reasonable possibility means, is your case gone? Yes, I would say it is, but... So when you said to Judge Lurie at the beginning of this that reasonable possibility and degree of certainty were somewhat synonymous, this case was over, right? No, I don't think I said they're synonymous. Okay, well, I may have misunderstood that. Judge Lurie was making the point that, I believe, correct me if I'm wrong, that when the court looked to the degree of certainty language from its prior case law, that it was basically evaluating evidence, discussing the probative value of evidence. Did the court of veterans' claims at any point say, we need to reinvigorate the old well-grounded rule for this specific purpose? Well, no, and that therein lies the problem. And aside from the fact that... Do you think they didn't understand that the well-grounded rule was overruled? No, I think they know it was overruled, but... Then why would they go back to it? Because they need to define what constitutes a reasonable possibility under the new law. Let me see if... Well, go ahead. I'm sorry, you can finish your point. Judge Rader, they have done that in the context of 5103 AD, the portion of the statute that defines their duty to assist in a disability compensation claim. They've discussed that in McClendon, and in McClendon, they have said in a three-judge opinion that medical treatise evidence that is equivocal and speculative is the type of evidence that triggers the duty to assist. Now, that is what the court said in that context. Now, we're looking now at the context of a survivor's claim, and we have that medical treatise evidence, and implicitly, what the single-judge decision says is, well, in your case, survivor, your medical evidence has to do a lot more than merely indicate. A disability compensation claim, that evidence which is equivocal, because there are many different causes, possible causes, and nonspecific, because a medical journal article is not going to talk about my particular client, that that evidence is exactly the type of evidence that triggers the duty to assist, because you need a doctor to evaluate this, to tell us, well, this, of those 10 different possible causes, how possible is the exposure to these chemicals in service? So the Veterans Court itself has said that for the purposes of 5103AD, that medical treatise evidence will overcome that low threshold. But in this case, they're basically saying, well, we're going to have this resolved by a single judge. We're going to not consider whether medical treatise evidence should be looked at differently. Now that Congress has told the VA that you can't simply avoid your responsibility to assist by finding a way of saying that the claim is not well-grounded. Can I, I wanted to just ask you about the specific portions of the Court's opinion that you focused on, page 2 of the opinion, I think, in your appendix. I understand, correct me if I'm wrong, you don't really have any quarrel with the first statement at the end of the first full paragraph of, on page 2, in which the Court says that the Court must assess whether the VA medical opinion requested is necessary to substantiate the claim, or whether no reasonable possibility exists that the medical opinion would aid in substantiating the claim. No problem whatsoever. So the problem is two paragraphs later, I take it, when they cite the well-grounded claim cases, right? Exactly, because the situation. Since we're running short of time, let me just pursue this since you're with me so far. Now the question then is, what use is being made, I have no doubt that you're right, that they shouldn't have cited well-grounded claim cases for one thing, it just throws a potential distraction into the works. But the question really is, have they altered the test that they set forth in the first paragraph by what they say in the 1, 2, 3, 4th paragraph by citing those cases? And that's what I want you to respond to. I think they have. Why does the statement, quote, degree of certainty, I'm not sure what that means. What is the degree of certainty? Certainly you have to have more than simply it's a conceivable cause, right? Right. All right, so there has to be some degree of certainty, but why does this identify a demand that's more than reasonable possibility? I'm going to disagree with the premise, okay? I don't think a reasonable possibility standard requires the evidence in support at this preliminary stage. But it requires something. In other words, the question is, okay, I have a treatise. Now, question, does that treatise present a reasonable possibility of causation? If, in fact, what that treatise says is that physicians have explored a number of possible causes for pancreatic cancer and one possible cause is chemical exposure, that really isn't a reasonable possibility at that point, is it? Again, I think that the reasonable possibility has to be determined on the basis of the legal standard and the specifics. And the specific I'm giving you is a treatise that says what I just said. No, but I'm saying the specifics of that particular veteran's military service and other factors. For instance, this particular veteran and the appellant had two children born with birth defects. Well, the question is, well, all right, go ahead. Sorry. Try to get my mind back on your question. Well, what my question comes down to is this. I have no doubt that the court should not have put the well-grounded claim cases back into play to the extent that it did. And the question is, did, however, having done that, did the court alter the standard that is properly applied here? Or did it simply use language which was plucked from those cases, which does not, in fact, alter the standard? OK. In terms of binding precedent, of course, they did nothing because it was only a single judge decision. No, but we have to look at what standard was applied. Did Judge Davis below, in his opinion, raise the bar is essentially what you're asking. And I would say most definitely. And it creates this absurd situation where if I am the widow of a veteran and I bring a claim saying that, OK, my husband was exposed to both Agent Orange and DDT during his tours of duty in Vietnam. And he has died from pancreatic cancer. And the causes of pancreatic cancer, among many others, one possible cause is exposure to Agent Orange and to pesticides. Now, the proof there, we acknowledge, is not at the level where the VA, under the advice of the Institutes of Medicine, have put pancreatic cancer on a presumptive list. But the medical community is saying this is one possible cause. A reasonable one? I think so, in the context of a veteran who served in Vietnam. Let's hear from the government here, if we could. Mr. Sevikos? Give Mr. Sevikos back a minute of rebuttal time and give Mr. Preheim an additional one if he needs it. You may proceed. Good morning. May it please the court. The court should affirm the Veterans Court decision here. Of course, there is no duty to provide a medical opinion if no reasonable possibility exists that the opinion would aid in substantiating the claim. You heard me talking to Mr. Sevikos about the well-grounded cases. And I said, well, they couldn't have thought that they were reinvigorating something that was clearly overruled. And yet they seem to, they say it flat out. Well. They lax the degree of certainty required by our prior case law, as if they are applying their prior case law. They overruled case law. No, the Veterans Court was not applying its old case law. What the Veterans Court was simply saying when it referred to the degree of certainty is that it was analyzing the treatise evidence and saying that that treatise evidence simply failed to establish a reasonable possibility that the medical opinion would aid in substantiating the claim. The Veterans Court certainly cited the correct standard two paragraphs above and then said, look, the dispute here concerns the nexus element. There is no plausible claim with respect to causality here. Therefore, there is no reasonable. If I cited a case that had been specifically overturned by the Supreme Court and said, this is our prior case law and it applies in this instance, how do you suppose the Supreme Court would react to that? Well, certainly the Supreme Court, I'm sure, would not appreciate that. But that is not our case here. Let me go further and point out that under the well-grounded claim rule, which we all agree is no longer in effect, though, if one looks back at the Calusa test, what the Calusa test said is that medical treatise evidence, and again, we're talking about a well-grounded claim, medical treatise evidence has to have a degree of certainty such that under the facts of a specific case, there was plausible causality. And we agree that the well-grounded claim rule no longer applies. But under the test here, this court has said that one always has to have a plausible claim before one's entitled to a medical opinion. That's all the Veterans Court and the board were saying here. Is that there is a difference between the test expressed by Calusa and the test expressed by the court in this case? Well, with respect to this issue, plausible causality, we don't see any difference. So at least with respect to this issue, you think essentially Congress's act in getting rid of the well-grounded claim requirement has had no effect? Well, yes, with respect to the question of whether or not a claim is plausible. In this court- And what was gotten rid of? Well- It seems to me, if I recall correctly, that was the core of what the well-grounded claim rule was all about. Generally, the well-grounded claim rule has obviously been gotten rid of by Congress. But again, this court has said- Yeah, yeah, but stay with me. But what you're saying is, OK, the standard for plausibility of a claim in order to overcome the requirements of the current test, reasonable possibility, are the same as the standard used to be for plausibility under the well-grounded claim test. So the question is, what did Congress do by getting rid of the well-grounded claim requirement? Well, I would expect- What did it get rid of? We have other elements as well, obviously- OK, and specifically, what did they get rid of? Because that always struck me as the core of the well-grounded claim rule, and I thought that's what Congress was directing its principal attention to. I think that what the Veterans Court, again, was simply saying here is that under the evidence that was presented- Stay with me on this, please. I'm really- It's a central concern in the case as to whether they have reinvigorated the well-grounded claim rule. You're saying the well-grounded claim rule with respect to possibility of causation is the same as the current rule, and my question to you is, what did Congress get rid of when it got rid of the well-grounded claim rule if it intended the same test for causation to apply? Well, I can only cite to- This court in the Scogsin case said that the threshold for a medical opinion, for entitlement to medical opinion is a plausible claim. That's what this court said in Scogsin. That's all the Veterans Court and the board were saying here. There is no plausible causality. If one doesn't have a plausible claim, one is never entitled to a medical opinion or medical exam. How would this case have been analyzed differently in 1998 under the well-grounded claim rule? What would have been the difference in the approach employed by the board and the court? You see where I'm going? What I'm trying to get at, are we on the same page here? And I'll be honest with you, with respect to plot, given this court's holding in Scogsin that one always has to show a plausible claim, and given the factual finding here that there was no plausible causality, with respect to that issue, I don't see how there would be a difference. And what's significant here, of course, is the factual question of whether or not there is a plausible claim is simply not subject to review in this court. Both the board and the Veterans Court said there is no plausible claim here. They evaluated the treatise evidence. And made that determination. That's not subject to this court's review. Now, Miss? You're asking us to affirm the judgment, not the reasoning. We think the reasoning is there with respect to the Veterans Court decision. The Veterans Court cited the correct standard, the standard under A, said that there is no reasonable possibility here. Yes, the Veterans Court did cite old case law and talked about the degree of certainty, but the Veterans Court looked at the evidence, agreed with the board that there is no plausible causality here. That factual finding simply isn't subject to review in this court. Otherwise, the citation of these other cases is harmless error? At most, yes. Mrs. Webster also argues in a reply that the Veterans Court, the board failed to provide adequate reasons and basis for its decision. The Veterans Court looked at that issue and said there are adequate reasons provided by the board. Moreover, the court simply can't review the Veterans Court determination that the board provided adequate reasons and basis. That issue is also outside this court's jurisdiction. So unless the court has further questions, we respectfully request that the court affirm the Veterans Court decision. Affirm or dismiss? Affirm, affirm. Okay, thank you, Mr. Kraheim. Thank you. Senator Kloos, you have a minute here, rebuttal. I would ask my colleague, under these circumstances, what is the basis of saying that there is no reasonable possibility that a doctor would conclude, after reviewing the facts, that there is no causation between his in-service exposure and his cause of death, pancreatic cancer? It seems to me that the only thing the court is doing is finding a linguistic hook to basically say to this particular claimant, oh, you've presented medical treatise evidence. It doesn't say that your husband specifically was studied by your researchers. It doesn't say that it's an absolute certainty that every case of pancreatic cancer is a result of exposure to a chemical. Well, that seems to me a bit of an overstatement. Suppose that what you had was someone who was contending that smoking that they were induced to do during service, let's just assume that's a sufficient service connection, caused their lung cancer. And they introduce medical treatise evidence that says there's a very high association between smoking and lung cancer. That says nothing about the particular individual. It doesn't have to. That would be sufficient, I would think everybody would agree, to present a reasonable possibility and then require an opinion, which then would result in the study of the ideology of the disease and so forth. But here, the problem is, it seems to me, I mean, that's not true of all medical treatise evidence, right? You could have medical treatise evidence that would clearly trigger this test. The problem is, this is very, very low level of servitude in the treatise, to say the least. Well, we're talking about nine, I think it was a total of nine separate medical studies that I cited in my brief to the Veterans Court, and that I submitted to the Board of Veterans Appeals. In his decision, Judge Davis has picked one phrase from one particular journal article. I cited journal articles that talk about the fact that Australian Vietnam veterans, compared to non-Vietnam veterans from the same era, had a seven-fold higher incident rate of pancreatic cancer. And that, the problem is, what's the connection with the particular herbicide in Agent Orange, right? I mean, there are all sorts of... When you... Disproportionate diseases. Well, Judge Bryson, I also referred the Secretary to a study of individuals with a certain type of pancreatic cancer. And in that study, which was not simply epidemiology, it was taking blood samples from folks who had pancreatic cancer. And within the serum, they found much higher levels of traces of organochlorine chemicals. Now, that's not speculative. So, one last thing I'd like to say, I know my time is pretty much up. You know, the Veterans Court, and this court, I believe, has spoken to what is a plausible claim. Post the well-grounded claim era, the Secretary now acknowledges that a well-grounded claim... Well, the Secretary basically says, what is not a well-grounded claim? A claim brought by the third cousin of a veteran for survivor's benefits is clearly not well-grounded. It's not plausible. There's no possibility that that person is entitled to benefits. Thank you, Mr. Sebekos. Our next case is...